**Karla Jaqueline HERNANDEZ-SAVEDRA; et al.,**
**Petitioners,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 16-72520**

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 21, 2017

Karla Jaqueline Hernandez-Savedra, Pro Se

Ever Alexander Hernandez-Savedra, Pro Se

Jose Alberto Posas-Hernandez, Pro Se

Susan Bennett Green, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Karla Jaqueline Hernandez-Savedra and her family, natives and citizens of Hondu-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ras, appeal pro se from the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Hernandez-Savedra's contentions as to her family as a social group and as to her claim that the past harm rose to the level of persecution because they were not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

The BIA did not err in finding that Hernandez-Savedra failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.' ") (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Further, substantial evidence supports the BIA's determination that Hernandez-Savedra otherwise failed to demonstrate

a nexus between the harm she fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground."). Thus, Hernandez-Savedra's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Hernandez-Savedra failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government of Honduras. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**